UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HERIBERTO MUNIZ )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER JAMES CARMODY, OFFICER )<br>CARMELLO OQUENDO, JOHN DOES, )<br>(UNIDENTIFIED OFFICERS), and THE CITY )<br>OF WORCESTER. )<br>    Defendants. )<br>) | C.A No._____<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action for money damages for violations of the Plaintiffs' constitutional rights brought pursuant to 42 U.S.C. §1983 and related state law. Plaintiff Heriberto Muniz alleges that the Defendant police officers used excessive force in brutally beating him, illegally searching him, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Massachusetts Civil Rights Act, M.G.L. c. 12, §11I. The Plaintiff further alleges that the Defendant City of Worcester has demonstrated a custom and policy of deliberate indifference to the constitutional rights of its citizens.

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this court to entertain related claims arising under state law.

## PARTIES

3. Plaintiff Heriberto Muniz is a resident of Worcester, Massachusetts.

4. Defendant Officer James Carmody is a police officer for the Worcester Police Department, acting under color of law at all time relevant to this Complaint, and is sued in his individual capacity as a police officer for the Defendant City of Worcester.

5. Defendant Officer Carmello Oquendo is a police officer for the Worcester Police Department, acting under color of law at all times relevant to this Complaint, and is sued in his individual capacity as a police officer for the Defendant City of Worcester.

6. Defendant John Doe (unidentified police officers) Officer is a police officer for the Worcester Police Department, acting under color of law at all times relevant to this Complaint, and is sued in his individual capacity as a police officer for the Defendant City of Worcester.

7. Defendant City of Worcester is a municipality duly authorized under the laws of the Commonwealth of Massachusetts.

## FACTS

8. On or about October 8, 2008, shortly before 1 p.m., the Plaintiff Heriberto Muniz arrived at his place of business, Lamartine Auto Repair, an automotive repair shop at 85 Lamartine St., in Worcester.

9. Mr. Muniz had recently become a partner in Lamartine Auto.

10. Mr. Muniz was sitting on a car seat, set up as a couch in one of the open garage bays, and reading a automotive magazine. He was visible to other employees and customers standing outside the shop.

11. Shortly after Mr. Muniz arrived and sat down, a plain clothes police officer came into the garage and approached Mr. Muniz, pointing a gun at him.

12. This officer did not display a badge or warrant, or identify himself as a police officer. Mr. Muniz did not recognize the officer.

13. The officer cursed at Mr. Muniz and ordered him to get on the ground. He did not identify himself as a police officer, or explain what was happening, leading Mr. Muniz to believe that he was being robbed.

14. As Mr. Muniz attempted to comply with the order, the officer grabbed Muniz by the shoulder and shoved him to the ground with one hand.

15. While shoving Mr. Muniz to the ground, the officer used the butt of his pistol to repeatedly strike Muniz on his head.

16. This pistol-whipping split the skin behind Mr. Muniz' left ear, and badly lacerated Muniz' left earlobe, nearly separating it.

17. Mr. Muniz fell to the floor of the garage, while the officer continued to beat him with his gun.

18. Almost immediately after falling to the floor, Mr. Muniz saw a second officer approach, who he recognized as Officer James Carmody.

19. Carmody grabbed Mr. Muniz' left foot and sharply twisted his left leg, fracturing his fibula.

20. Almost immediately after Carmody twisted Muniz' leg, Muniz saw Officer Carmello Oquendo approach.

21. Oquendo kicked Mr. Muniz in the side, and punched him in the ribs.

22. At this point, one or more other officers joined Oquendo in striking and kicking Muniz.

23. Muniz yelled out in pain, and asked the officers to stop.

24. In response, one of the officers cursed at Muniz, telling him to "shut the f___ up" and stepped on the side of his head.

25. Muniz yelled to the officer that his foot was making it hard for Muniz to breathe, and asked him to remove his foot or lighten the pressure.

26. The officer responded by using his boot to push Muniz' face into the floor of the garage.

27. Muniz then blacked out. When he regained consciousness, he was still face-down on the ground, but was now handcuffed.

28. An officer informed Muniz they were going to lift him up and check him for drugs, and warned him not to resist.

29. Muniz was then jerked roughly from the floor.

30. Officer Carmody first frisked Muniz and then checked his pants pockets.

31. Officer Carmody found nothing illegal in Muniz' pockets, only a Motrin (an over-the-counter pain reliever).

32. Officer Carmody and an unidentified officer then escorted Muniz into the office of Lamartine Auto and closed the door.

33. Officer Carmody unbuttoned Muniz' pants and lowered Muniz' pants and underwear.

34. Using a gloved hand, Officer Carmody searched between Muniz' buttocks and in Muniz' genital area.

35. Again, Officer Carmody found no drugs.

36. After dressing Muniz, Officer Carmody and the unidentified officer escorted Muniz to the back room of Lamartine Auto, and seated him on a couch.

37. Officer Carmello Oquendo came into the backroom and taunted Muniz about the injury to his ear, saying the dangling earlobe made him look like "Mike Tyson."

38. Officer Oquendo asked Muniz where drugs were being hidden in garage. Muniz responded that there were no drugs in Lamartine Auto, and no drug activity was taking place out of the garage.

39. An ambulance was finally called for Muniz.

40. When the ambulance arrived, an EMT inspected Muniz. When he asked what had happened to Muniz, Officer Oquendo told him that Muniz had fallen.

41. Officer Oquendo told the EMT to "clean him up."

42. The EMT stated that Muniz' injuries required he go to the hospital.

43. Officer Oquendo asked a Sergeant what to do.

44. The sergeant asked if anything illegal had been found on Muniz, or if there were any grounds to arrest him. When Officer Oquendo said no, the sergeant ordered Officer Oquendo to release him.

45. As Officer Oquendo was unlocking the handcuffs, he whispered, in Spanish, "Don't get stupid now. Don't get stupid with us" in Muniz' ear.

46. After Muniz left, police continued searching Lamartine Auto and brought in drug-sniffing dogs. No drugs were found in the garage.

47. Mr. Muniz was not arrested or charged with any offense.

48. As a result of the defendants' assault, Mr. Muniz suffered a broken leg, a torn earlobe, bruises and abrasion over his entire head and face, and bruising to his torso.

49. As a result of this incident, the Plaintiff suffered physical and emotional injuries.

**COUNT I**
**VIOLATION OF 42 U.S.C. §1983**
**BY DEFENDANTS CARMODY, OQUENDO, AND JOHN DOES**

50. The Plaintiff restates the allegations in paragraphs 1 through 49 and incorporates said paragraphs herein as paragraph 50.

51. By the actions described above in paragraphs 1 through 50, the Defendants, acting under color of law, deprived the Plaintiff of his right to be free from unreasonable searches, illegal detention and the use of excessive force, all in violation of 42 U.S.C. §1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

**COUNT II**
**VIOLATION OF 42 U.S.C. §1983**
**BY DEFENDANT CITY OF WORCESTER**

52. The Plaintiff restates the allegations in paragraphs 1 through 51 and incorporates said paragraphs herein as paragraph 52.

53. By the actions described above in paragraphs 1 through 52, the City of Worcester has demonstrated a custom and policy of deliberate indifference to the rights of citizens by:

   a. Failing to adequately train its police officers on the proper use of force and arrest procedures;

   b. Failing to take disciplinary action against officers who violate the rights of citizens by using excessive force and making unlawful seizures; and,

   c. Failing to adequately supervise officers who violate the constitutional rights of individuals.

## COUNT III
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT: M.G.L. c. 12, §11I
## BY DEFENDANTS CARMODY, MUNIZ, AND
## JOHN DOES

54. The Plaintiff restates the allegations in paragraphs 1 through 53 and incorporates said paragraphs herein as paragraph 54.

55. By the actions described above in paragraphs 1 through 54, the Defendants violated the Plaintiffs' civil rights through threats, intimidation, and coercion, in violation of M.G.L. c. 12, §11I.

**WHEREFORE,** the Plaintiff requests that this Court award:

1. Compensatory damages against all Defendants jointly and severally;

2. Punitive damages against all individual Defendants;

3. The costs of this action, including reasonable attorneys' fees; and,

4. Such other and further relief, as this Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.

DATED: October 7, 2009

Respectfully Submitted
Plaintiff Heriberto Muniz
By his attorneys,

//s// Stephen Hrones
Stephen Hrones
BBO No. 242860
Hrones & Garrity, LLP
Lewis Wharf – Bay 232
Boston, MA 02110-3927
T) (617) 227-4019